SECURITY TRUST COMPANY, PLAINTIFF-APPELLANT, v. EMANUEL GIGLIO AND BEN DI MEDIO, DEFENDANTS-APPELLEES.

*Argued October term, 1925—Decided March 26, 1926.*

**Negotiable Instruments—Endorsements—Forgery—Wife of Alleged Maker of Note Forged His Name and Drew Proceeds From Bank—Transaction all Without Alleged Maker's Knowledge—Whether Wife was an Agent of Husband, Including Power to Sign Notes, a Question of Fact for Jury—The Endorser Impliedly Warranted the Note Valid.**

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellant, *French & Richards*.

For the defendant-appellee Giglio, *Frank F. Neutzer*.

For the defendant-appellee Di Medio, *Joseph H. Carr*.

PER CURIAM.

This action was tried in the District Court of Camden without a jury, and judgment was in favor of both defendants.

The action was brought by the plaintiff, trust company, on a renewal note for $450, purporting to have been made by Emanuel Giglio to the order of himself, and endorsed Emanuel Giglio, Ben Di Medio, Emanuel Giglio. The note had been discounted under these circumstances. The wife of Emanuel Giglio, duly identified by the trust company, opened an account therein in the name of her husband, and presented a signature card bearing his name.

A note purporting to have been made by Emanuel Giglio to his own order, and by him endorsed, was taken by Emanuel's fifteen-year-old son, Salvatore, to one Ben Di Medio, who, in compliance with a previous request of Mrs. Giglio, endorsed the note in blank for the accommodation of Emanuel Giglio. This note, purporting to have been again endorsed by Emanuel Giglio, was presented by the wife to the plaintiff, trust company, and by it discounted by crediting the proceeds to the account of Emanuel Giglio. All of the account, except $7.50, was withdrawn by checks bearing the name of Emanuel Giglio.

The evidence showed that all of these transactions were without the knowledge of Emanuel Giglio, whose name, in each instance, had been forged by the son, at the instigation or coercion of the mother, who has since departed for parts unknown. The plaintiff contends that there was error in the court's refusal to direct a verdict against both defendants, maker and endorser.

As to the defendant Emanuel Giglio, it is insisted that even if his name was forged to the note, he was estopped because he permitted his wife to attend to his business, and one of the checks withdrawing the account had been used to pay a plumber bill for work on his dwelling.

Assuming for present purposes that this, and cognate evidence in the case, would permit a jury, or the court sitting as a jury, to infer, as a matter of fact, that the alleged agency of the wife included power to sign promissory notes in the husband's name, this remained a question of fact, and as such was decided adversely to plaintiff by the trial judge.

This, therefore, was legitimate finding of fact, and as such cannot be disturbed on this appeal.

As, to Di Medio, the endorser, the situation, and, necessarily, the result, are different. Under the Negotiable Instrument act (3 *Comp. Stat., p.* 3743), by his endorsement he impliedly warranted that the note was valid and subsisting negotiable paper. At common law and in this state the rule was similar to that expressly enunciated in the Negotiable Instrument act. *Edmunds* v. *Rose,* 51 *N. J. L.* 547; 3 *R. C. L.* 1148.

Therefore, as to the defendant Di Medio, the judgment will be reversed, otherwise affirmed.